UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KARMA VENTURES, LLC,<br><br>                   Plaintiff,<br><br>    v.<br><br>CHELAN COUNTY and ANGEL HALLMAN, individually,<br><br>                   Defendants,<br><br>and<br><br>CHELAN COUNTY,<br><br>                   Counter Claimant,<br><br>    v.<br><br>KARMA VENTURES, LLC,<br><br>                   Counter Defendant. | NO. 2:20-CV-0446-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND AND STAYING CASE |

BEFORE THE COURT is Plaintiff's Motion for Partial Remand (ECF No. 6). This matter was submitted for consideration without oral argument. The Court

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 1

has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Remand (ECF No. 6) is **GRANTED**.

## BACKGROUND

This case concerns a land dispute over conditional use permits issued by Defendant Chelan County to Plaintiff Karma Ventures, LLC.

Plaintiff owns real property in Chelan County, Washington. ECF No. 6 at 2. On August 19, 2005, after receiving the appropriate conditional use permits, Plaintiff opened a winery, retail space, and wedding venue business on the property. ECF No. 6 at 2. On October 7, 2008, the Chelan County Commissioners amended the definition of "winery" to include on-site food preparation, service, and consumption to certain places of assembly. ECF No. 6 at 2. Thereafter, Plaintiff opened a restaurant on the property. ECF No. 6 at 2.

During the summer of 2011, Defendant Angel Hallman, a Chelan County code compliance officer, visited Plaintiff's property and "confronted" one of Plaintiff's principal members. ECF No. 6 at 2. Following Ms. Hallman's visit, the County informed Plaintiff that it was not authorized for restaurant operations. ECF No. 6 at 2. In March 2012, Plaintiff received approval for amended conditional use permits that authorized the restaurant operation and provided that the permits

would "become void after three years after approval … if the use is not completely developed." ECF No. 6. at 2; ECF No. 9 at 4.

From 2012 to 2017, Plaintiff continued to operate the restaurant. On September 27, 2019, Plaintiff received a Notice of Violation from Chelan County, signed by Ms. Hallman. ECF No. 6 at 2. The Notice claimed that Plaintiff was out of compliance with the conditional use permits, and as such, the permits were void due to three unsatisfied conditions. ECF No. 6 at 2-3. Over the next year, Plaintiff attempted to come into compliance with the conditional use permits, offered to submit the required documentation, and made repeated efforts to work with the County. ECF No. 6 at 3. Nonetheless, Chelan County required that Plaintiff obtain new conditional use permits. ECF No. 6 at 3.

On June 2020, Plaintiff received a Notice of Violation and Order, signed by Ms. Hallman, which declared Plaintiff's conditional use permits void for failure to satisfy conditions and ordered the termination of all restaurant operations. ECF No. 6 at 3; ECF No. 9 at 4. On July 6, 2020, Plaintiff filed an administrative appeal of the Order. ECF No. 6 at 3. Plaintiff argued that it was not required to comply with the conditions of approval so long as it "developed the uses authorized" by the conditional use permits. ECF No. 9 at 4. Plaintiff also argued that it had a vested nonconforming use under the Chelan County Resolution 2008-141 amending the definition of "winery." ECF No. 9 at 4.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 3

1      On October 15, 2020, Plaintiff filed a Complaint against Defendants in Douglas County Superior Court alleging state law claims for tortious interference with business expectancy, negligence, ultra vires, civil conspiracy, and violation of RCW 64.40 *et seq.* ECF No. 1.

       On November 3, 2020, the Chelan County Hearing Examiner filed its Land Use Decision on Plaintiff's administrative appeal. ECF No. 6 at 4. The Hearing Examiner found that Plaintiff's conditional use permits "expired due to failure to complete all of the conditions of approval" and noted that restaurant operations "never have been allowed" on Plaintiff's property. ECF No. 9 at 5.

       On November 20, 2020, Plaintiff filed its First Amended Complaint, adding a petition for judicial review of the Hearing Examiner's land use decision under the Land Use Petition Act ("LUPA"). ECF No. 1-1 at 27. Plaintiff also added alleged violations of substantive due process and equal protection under 42 U.S.C. § 1983. ECF No. 1-1 at 25-27.

       On December 2, 2020, Defendant Chelan County timely removed the action under 28 U.S.C. § 1441(a). ECF No. 1. On December 9, 2020, Defendants filed an Answer, including counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, RCW 7.24 *et seq.*, and Chelan County Code § 16.02.030, warrant of abatement, liens and costs pursuant to RCW 7.48 *et seq.*, and an award of attorneys' fees and costs pursuant to RCW 64.40 *et seq.* ECF No. 4 at 34-36.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 4

On December 29, 2020, Plaintiff timely filed the present motion. The parties timely filed their respective response and reply. ECF Nos. 9, 11.

## DISCUSSION

**A. Motion for Partial Remand**

Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state to federal court only if the federal court has original subject matter jurisdiction over the action. "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

Where a federal court has original subject matter jurisdiction over a case, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). If the claims arise from the same case or controversy, a court may nonetheless decline supplemental jurisdiction and remand a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other

compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Court's discretion in exercising or declining supplemental jurisdiction is informed by the values "of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F. 3d 999, 1001 (9th Cir. 2007) (internal quotation and citation omitted).

Here, Plaintiff's allegations of substantive due process and equal protection violations under 42 U.S.C. § 1983 present federal questions over which the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. However, Plaintiff's remaining LUPA petition and state law claims do not present a federal question. The Court finds, and the parties agree, that Plaintiff's state law claims arise from the same case or controversy as the federal claims, satisfying the requirement for exercising supplemental jurisdiction. ECF No. 6 at 5; ECF No. 9 at 3. Therefore, the Court must determine in its discretion whether to exercise supplemental jurisdiction on the remaining state law claims pursuant to 28 U.S.C. § 1367(c).

1. *Supplemental Jurisdiction*

As an initial matter, the parties agree that the LUPA petition should be remanded. ECF No. 9 at 5. However, the parties dispute whether the remaining state law claims should be remanded on the basis that they raise novel or complex issues and/or substantially predominate over the federal claims. ECF No. 6 at 6; ECF No. 9 at 6-8.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 6

      a.   Novel or Complex Issues

Plaintiff asserts that this case raises novel and complex issues under state and local land use law that apply equally to the LUPA petition and state law claims. ECF No. 6 at 12; ECF No. 11 at 3. Defendants argue that the state court decision on the LUPA petition will resolve any novel or complex issues that arise. ECF No. 9 at 6-7.

The parties agree that the findings on the LUPA petition will inform the findings on the state law claims. ECF No. 9 at 6; ECF No. 11 at 3. To the extent that this case raises issues related to the proper standards in voiding conditional use permits, the application of Washington's vested rights doctrine, and Defendants' conduct related therein, the Court finds that this case raises novel and complex state law issues. ECF No. 6 at 9-10; ECF No. 11 at 8. Even if the LUPA petition were to resolve such novel and complex issues, the state law issues nonetheless predominate over the federal claims to warrant remand under 28 U.S.C. § 1367(c)(2).

      b.   Predominance

Plaintiff argues that the state claims, including the LUPA petition, predominate over the federal § 1983 claims for money damages. ECF No. 6 at 6. Defendants argues that there is no predominance where the federal § 1983 claims

parallel the analysis for the RCW 64.40 *et seq.* claim and inform the analysis for the conspiracy and tortious interference claims.  ECF No. 9 at 7-8.

Here, the heart of this case is the LUPA petition.  As Defendants acknowledge, "[t]he state and federal claims are merely alternative devices to recover damages arising from the same conduct that is at issue in the LUPA appeal."  ECF No. 9 at 8.  In addition to the LUPA petition, Plaintiff's state claims alleging tortious interference with business expectancy, negligence, procedural and substantive ultra vires, civil conspiracy, and violation of RCW 64.40 *et seq.* "substantially predominate" over claims for damages under § 1983.  The factual and legal findings necessary to Plaintiff's LUPA petition and state law claims will inform, if not control, the findings on the § 1983 claims.  Therefore, remand of these state law claims is appropriate.  28 U.S.C. § 1367(c)(2).

While not briefed by the parties, it is clear that state law also "substantially predominates" over Defendants' counterclaims that arise out of the same case and controversy as Plaintiff's claims.  *See* ECF No. 4 at 34-36.  Therefore, the predominate state law counterclaims must also be remanded.  28 U.S.C. § 1367(c)(2).  Defendants seek declaratory judgment under 28 U.S.C. §§ 2201-2202.  ECF No. 4 at 34.  However, because the Declaratory Judgment Act does not create an independent cause of action, this federal claim must be dismissed.  *See Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 810-11 (W.D. Wash. 2016).

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 8

Any interest in economy and convenience to try the state and federal claims together are outweighed by the interests of fairness and comity in remanding to a state court who is particularly suited to determine these state law issues together. *See Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F. 2d 1092, 1094 (9th Cir. 1976) ("[F]ederal courts ought not to enter [land use disputes] unless no alternative to its adjudication is open."). Therefore, Plaintiff's state law claims and Defendants' state law counterclaims must be remanded to Douglas County Superior Court.

2.  *Abstention Doctrine*

In addition to remand, Plaintiff seeks a stay on the federal claims under the abstention doctrine. ECF No. 6 at 8. Defendants oppose abstention, arguing that the *Pullman* factors are not present. ECF No. 9 at 8-10.

"The *Pullman* abstention doctrine allows district courts, in exceptional cases, to postpone the exercise of jurisdiction. Federal courts should abstain in cases presenting a federal constitutional issue if constitutional adjudication could be avoided or if the constitutional question could be narrowed by a ruling on an uncertain question of state law." *Pearl Inv. Co. v. City & Cty. of San Francisco*, 774 F.2d 1460, 1462 (9th Cir. 1985) (internal citations omitted). Abstention is appropriate when:

> (1) The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 9

> adjudication is open, (2) Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy, [and] (3) The possibly determinative issue of state law is doubtful.

*Sinclair Oil Corp. v. County of Santa Barbara*, 96 F. 3d 401, 409 (9th Cir. 1996) (citing *Pearl*, 774 F.2d at 1463).

As to the first factor, land use planning disputes are recognized as a sensitive area of social policy in the Ninth Circuit. *San Remo Hotel v. City & Cty. of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998) (collecting cases). Defendants argue that there are no social policy concerns for state law damages regarding allegedly wrongful conduct of County employees. ECF No. 9 at 10. However, this argument isolates damages from the crux of this case: It is a land use dispute. Plaintiff seeks to adjudicate its rights to operate a restaurant on its premises under administrative land use regulations through LUPA and state law which, among other things, will implicate Washington's vested rights doctrine. This is sufficient to touch on the sensitive area of social policy raised by land use regulations. *San Remo Hotel*, 145 F.3d at 1105. Therefore, the first factor is met.

As to the second factor, Plaintiff's § 1983 claims plainly can be narrowed, if not entirely avoided, by adjudication on the LUPA petition and state law claims.[1]

---

[1] Notably, Defendants failed to address this factor in their briefing.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 10

1  For example, any findings regarding Defendants' conduct in voiding Plaintiff's

2  conditional use permits may operate as a basis for collateral estoppel on the federal

3  claim for damages.  Therefore, the second factor is met.

4  As to the third factor, Plaintiff identified determinative issues related to

5  Defendants' conduct that are doubtful.  ECF No. 6 at 9-10; ECF No. 11 at 8.  For

6  example, whether Defendants complied with RCW 36.70C.120 and Chelan County

7  Code §§ 11.93 *et seq.*, 1.61.050 has not been litigated.  ECF No. 6 at 9-10; ECF

8  No. 11 at 3.  Additionally, the question of whether Plaintiff gained property rights

9  as a vested nonconforming use after Defendant Chelan County failed to enforce

10 certain conditions under the conditional use permits is doubtful.  ECF No. 11 at 8.

11 These questions are relevant and determinative to Plaintiff's claims under RCW

12 64.40 *et seq.* and § 1983 as to whether Defendants' conduct was arbitrary,

13 capricious, unlawful, or exceeded lawful authority.  *See* RCW 64.40.020(1);

14 *Shanks v. Dressel*, 540 F.3d 1082, 1088-89 (9th Cir. 2008).  Therefore, the third

15 factor is met.

16 The Court finds that all three factors are present to warrant abstention.  A

17 Washington court's decision on state issues will narrow, if not avoid, the

18 constitutional issues.  Therefore, a stay on the federal claims is appropriate.

19 **ACCORDINGLY, IT IS HEREBY ORDERED:**

20 1. Plaintiff's Motion for Partial Remand (ECF No. 6) is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 11

2. Plaintiff's state law claims and Defendants' state law counterclaims are **REMANDED** to the Superior Court of Washington for Douglas County (former Douglas County Superior Court Case No. 20-2-00213-09).

3. Defendants' counterclaim for declaratory judgment under 28 U.S.C. §§ 2201-2202 is **DISMISSED**.

4. This Court retains jurisdiction over the 42 U.S.C. § 1983 claims against Defendants where such proceedings shall be **STAYED** pending adjudication on the state law claims.

5. Plaintiff is directed to promptly advise the Court of the conclusion of the state court proceedings.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and <u>mail a certified copy to the Clerk of the Douglas County Superior Court</u>.

**DATED** February 11, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL REMAND ~ 12